## ISENBERG v. PESCOR.
### No. 4364.

District Court, W. D. Missouri, W. D.
Sept. 23, 1946.

Joseph P. Isenberg, in pro. per.

Sam M. Wear, U. S. Dist. Atty., of Kansas City, Mo., and David A. Thompson, Asst. Dist. Atty., of Richmond, Mo., for defendant.

REEVES, District Judge.

The petitioner seeks his release upon two grounds: first, he avers that he is entitled to deductions from his sentence because of good conduct and that the prison authorities violated his rights in taking away or forfeiting his earned good time. The averments of his complaint show that the prison authorities were entirely justified in taking away the good time allowance provided by Section 710, Title 18 U.S.C.A. The courts have held that such allowance is a privilege and not a vested right. Moreover, the statute itself contains this recital: "Each prisoner * * * whose record of conduct shows that he has faithfully observed all the rules and has not been subjected to punishment, shall be entitled to a deduction from the term of his sentence to be estimated as follows:"

It thus appears that a prisoner is only entitled to good conduct deduction if his record shows that he has faithfully observed all the rules and is not subject to punishment. The prisoner shows that his record was not good and that he has in fact been subject to punishment.

The petition contains other allegations that he was without counsel at the time of his conviction. Although there is no averment that he had not waived counsel, yet under the liberal attitude of the courts towards petitions for habeas corpus it seems proper for the issuance of a show cause order to the end that the court might have as a preliminary to the issuance of the writ the facts concerning the aid of counsel at the time of conviction. The clerk will issue such an order and the district attorney will be advised of the fact. A copy of this memorandum opinion should be delivered to the United States Attorney as well as to the petitioner.